UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Canon Inc., | ) |
|                 Plaintiff, | ) Case No. 1:21-cv-01213-KAM-PK |
| vs. | ) **PLAINTIFF CANON INC.'S *EX PARTE* APPLICATION FOR ALTERNATIVE SERVICE OF PROCESS VIA *AMAZON.COM*** |
| Anhuiyatengshangmaoyouxiangongsi, | ) |
|                 Defendant. | ) |

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Background | 1 |
| II. | Applicable Law | 2 |
| III. | The Court Should Permit Alternative Service Through Yatengshang's *Amazon.com* Seller Profile Page Contact Link | 4 |
| | A. Yatengshang is Subject to Rule 4(f) | 4 |
| | B. Such Service Is Not Prohibited by the Hague Convention | 4 |
| | C. Such Service Is Reasonably Calculated to Provide Notice | 6 |
| | D. Translated Documents Are Not Required | 7 |
| IV. | An *Ex Parte* Order Is Warranted | 8 |
| V. | Conclusion | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Core Distrib., Inc. v. John Doe 1*,
    No. 16-cv-4059 (SRN/HB), slip op. (D. Minn. Mar. 23, 2017) ...........................................5, 7

*Gang Li v. Dolar Shop Rest. Grp., LLC*,
    No. 16-CV-1953 (AMD)(RML), 2019 WL 4393637 (E.D.N.Y. Sept. 13, 2019) .................3, 4

*Grp. One Ltd. v. GTE GmbH*,
    No. 20-CV-2205 (MKB), slip op. (E.D.N.Y. Feb. 3, 2021) ...............................................3, 5, 7

*Hangzhou Chic Intelligent Tech. Co v. P'ships & Unincorporated Ass'ns
    Identified on Schedule A*,
    No. 20 C 4806, 2021 WL 1222783 (N.D. Ill. Apr. 1, 2021).......................................................5

*Kaneka Corp. v. Purestart Chem Enter. Co.*,
    No. 16-CV-4861 (MKB)(SIL), 2017 WL 11509784 (E.D.N.Y. Oct. 17, 2017) .......................3

*Keck v. Alibaba.com, Inc.*,
    No. 17-cv-05672-BLF, 2018 WL 3632160 (N.D. Cal. July 31, 2018)......................................7

*Mattel, Inc. v. Animefun Store*,
    No. 18-CV-8824, 2020 WL 2097624 (S.D.N.Y. May 1, 2020) ............................................5, 6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950)..................................................................................................................3

*Noco Co. v. Liu Chang*,
    No. 1:18-cv-2561, 2020 WL 533021 (N.D. Ohio Feb. 3, 2020) ...........................................6, 7

*Sichen Xing v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
    No. 2:21-cv-00588-RGK-RAO, slip op. (C.D. Cal. Feb. 3, 2021)...........................................6

*TV Ears, Inc. v. Joyshiya Dev. Ltd.*,
    No. 3:20-cv-01708-WQH-BGS, 2021 WL 165013 (S.D. Cal. Jan. 19, 2021) .........................7

**Other Authorities**

86 Fed. Reg. 19284 (Apr. 13, 2021) ................................................................................................2

86 Fed. Reg. 19287 (Apr. 13, 2021) ................................................................................................2

Fed. R. Civ. P. 4(f).................................................................................................................2, 3, 4

Fed. R. Civ. P. 4(f)(1) ...................................................................................................3

Fed. R. Civ. P. 4(f)(3) ...............................................................................................1, 3, 8

Fed. R. Civ. P. 4(h)(2)..................................................................................................2

Hague Convention on the Service Abroad of Judicial and Extrajudicial
    Documents, Nov. 15, 1965, 20 U.S.T. 361 ................................................2, 3, 4, 5, 7

Plaintiff Canon Inc. ("Canon") applies for leave to effect service of process on Defendant Anhuiyatengshangmaoyouxiangongsi ("Yatengshang") through alternative means under Fed. R. Civ. P. 4(f)(3). Specifically, Canon seeks an order authorizing it to effect service of process by submitting a communication through the contact link on Yatengshang's *Amazon.com* seller profile page, which communication will contain a link enabling Yatengshang to download the complaint and any other necessary paper, and attach PDF copies of the summons and the main body of the complaint, all in the English language.

**I.    Background**

Canon filed its complaint for patent infringement on March 8, 2021. D.I. 1. Canon alleges that Yatengshang has infringed claims of Canon's thirteen asserted patents through Yatengshang's unauthorized sale and/or offer to sale within the United States, and/or importation into the United States, of certain toner supply containers for use in Canon's copy machines ("Accused Products"). *See generally id.*

Yatengshang is a Chinese entity with a place of business in Xiaokoucun, Haitouzhen, Ganyuqu, China 222002. *Id.* at ¶ 4; Kutas Decl. Ex. 1[1] (seller profile page with Yatengshang's "Business Address"). Yatengshang also does business through its "Yatengshangmaoyou" storefront on *Amazon.com*. D.I. 1 at ¶ 5; Kutas Decl. Exs. 1, 2 (storefront homepage). Yatengshang's *Amazon.com* storefront includes a seller profile page that contains a contact link through which a user can submit a communication. Kutas Decl. Ex. 1 ("Ask a question" button).

Yatengshang continues to actively conduct business through its *Amazon.com* storefront. On December 13, 2020, Canon's investigator purchased the Accused Products through

---

[1]   "Kutas Decl. Ex. __" refers to the exhibits to the accompanying Declaration of Andrew Kutas in Support of Plaintiff Canon Inc.'s Motion for for Alternative Service of Process via *Amazon.Com*. "Kutas Decl. ¶ __" refers to the numbered paragraphs of that declaration.

1

Yatengshang's *Amazon.com* storefront.  Kutas Decl. Ex. 3 (purchase and shipping documentation).  Currently, Yatengshang's *Amazon.com* storefront still lists products for sale, and its seller profile page is active.  *See* Kutas Decl. ¶¶ 3-4 (noting that the exhibits corresponding to these pages were retrieved on April 22, 2021).  On its seller profile page, Yatengshang touts, through a customized message, that it "is committed to providing each customer with the highest standard of customer service."  Kutas Decl. Ex. 1.

Parallel with this action, Canon also filed a complaint in the U.S. International Trade Commission ("Commission") naming Yatengshang as a respondent.  *See* D.I. 1 at ¶ 1.  Based on that complaint, in April 7, 2021, the Commission instituted two investigations, Nos. 337-TA-1259 and 337-TA-1260, naming Yatengshang as a respondent in each.  *See* 86 Fed. Reg. 19284 (Apr. 13, 2021); *id.* 19287.  In connection with these Commission proceedings, Canon attempted to serve Yatengshang via express delivery to the address provided in its *Amazon.com* seller profile page and at paragraph 4 of Canon's complaint in this action, but the delivery failed because that address could not be located.  Kutas Decl. ¶ 7, Ex. 4 ("Incorrect address").  Indeed, this address appears to be incomplete insofar as it lacks a street name or building number.  Kutas Decl. ¶ 13.  Canon is unaware of any other address for Yatengshang.  Kutas Decl. ¶ 14.

## II. <u>Applicable Law</u>

The Federal Rules of Civil Procedure govern service of process on a foreign entity.  *See* Fed. R. Civ. P. 4(f) (individuals); *see also* Fed. R. Civ. P. 4(h)(2) (for corporate entities, permitting service in relevant manners under Rule 4(f)).  Specifically, the Federal Rules provide for service on the foreign defendant either by (1) any internationally agreed means of service, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"); (2) absent internationally agreed means, or if permitted by the same,

methods reasonably calculated to give notice; and (3) other means not prohibited by international agreement. Fed. R. Civ. P. 4(f).

Within the Second Circuit, district courts have overwhelmingly held that there is no hierarchy among the three methods of service under Rule 4(f), such that a plaintiff need not attempt service through the Hague Convention under Rule 4(f)(1) before seeking permission to effect service through other means under Rule 4(f)(3). *See, e.g.*, *Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB), slip op. at 24-25 (E.D.N.Y. Feb. 3, 2021) (collecting cases) (Kutas Decl. Ex. 8). In other words, "Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Kaneka Corp. v. Purestart Chem Enter. Co.*, No. 16-CV-4861 (MKB)(SIL), 2017 WL 11509784, at *2 (E.D.N.Y. Oct. 17, 2017) (internal quotation marks omitted).

Courts have discretion to authorize service under Rule 4(f)(3), "so long as the ordered means of service (1) is not prohibited by international agreement and (2) comports with constitutional due process." *Grp. One*, slip op. at 26-27 (Kutas Decl. Ex. 8). "To satisfy due process, the means of service must be 'reasonably calculated, under all [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gang Li v. Dolar Shop Rest. Grp., LLC*, No. 16-CV-1953 (AMD)(RML), 2019 WL 4393637, at *2 (E.D.N.Y. Sept. 13, 2019) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (alteration added)). In circumstances where plaintiffs have requested alternative service via email, courts have approved it "in cases where the defendant runs an online business, the email address is displayed prominently on the defendant's website, the email address is used regularly for communications, and/or where it has been verified that the

defendant has already responded to emails at the given address." *Gang Li*, 2019 WL 4393637, at *2

**III.     The Court Should Permit Alternative Service Through Yatengshang's *Amazon.com* Seller Profile Page Contact Link**

Because Yatengshang is subject to the procedures of foreign service of process under Rule 4(f), alternative service by electronic communication is not prohibited by the Hague Convention, and service through the contact link would likely reach Yatengshang, the Court should permit Canon to effect service in this manner. As set forth the accompanying proposed order, Canon specifically requests that the Court authorize it to submit a communication through the contact link on Yatengshang's *Amazon.com* seller profile page. This communication would contain a download link for the summons and complaint as well as any other document ordered by the Court to be served, and it would attach PDF copies of the summons and the main body of the complaint. The communication and the documents would be in English.

**A.     Yatengshang is Subject to Rule 4(f)**

On its *Amazon.com* seller profile page, Yatengshang provides a business address located in Xiaokoucun, Haitouzhen, Ganyuqu, China 222002. Kutas Decl. Ex. 1. Because this is in a foreign country and there is no judicial district there, Rule 4(f) applies to Yatengshang.

**B.     Such Service Is Not Prohibited by the Hague Convention**

Service via Yatengshang's *Amazon.com* seller profile page contact link is permissible because Canon does not know Yatengshang's address, and additionally because China has not objected to electronic service under the Hague Convention, and no other international agreement prohibits such service.

As a preliminary matter, the Hague Convention "shall not apply where the address of the person to be served with the document is not known." Hague Convention art. 1, Nov. 15, 1965,

4

20 U.S.T. 361; *e.g.*, *Core Distrib., Inc. v. John Doe 1*, No. 16-cv-4059 (SRN/HB), slip op. at 6-7 (D. Minn. Mar. 23, 2017) (holding that the Hague Convention did not apply to Amazon seller defendants whose addresses were incomplete and unknown) (Kutas Decl. Ex. 9). Because the only address information Canon has for Yatengshang could not be located and appears to be incomplete, Canon does not know Yatengshang's address, and the Hague Convention does not apply.

Even assuming the Hague Convention applied, although service through a country's Central Authority is the primary method of service thereunder, Article 10 authorizes service through alternative means so long as the signatory country has not objected to that means. *See Grp. One*, slip op. at 27-28 (Kutas Decl. Ex. 8); Hague Convention arts. 2, 10. While China has objected under the Hague Convention to service via the manners in Article 10, including "postal channels," it has not objected to service via electronic means, which are not mentioned in Article 10. *See* Kutas Decl. Ex. 5 at 1 (China's declarations under the Hague Convention, which include "to oppose the service of documents … by the methods provided by Article 10 of the Convention"), Hague Convention art. 10. District courts within the Second Circuit have confirmed that email and electronic service more generally are not a "postal channel." *See, e.g.*, *Grp. One*, slip op. at 28-29 (collecting cases) (Kutas Decl. Ex. 8); *Mattel, Inc. v. Animefun Store*, No. 18-CV-8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) ("China's objection to service by postal channels under Article 10 of the Hague Convention does not encompass service by email…."); *see also Hangzhou Chic Intelligent Tech. Co v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) ("[U]nlike postal service, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention").

5

Similarly, for China, "service by email is not prohibited by any international agreement." *E.g.*, *Mattel*, 2020 WL 2097624, at *5.

### C. Such Service Is Reasonably Calculated to Provide Notice

Service via Yatengshang's *Amazon.com* seller profile page contact link would satisfy due process because such a communication is likely to reach Yatengshang and provide it with notice of the complaint and its right to appear. Yatengshang actively conducts business on its *Amazon.com* storefront, and the "Ask a question" contact link is prominently displayed on its seller profile page. This contact link is the only form of electronic communication on Yatengshang's *Amazon.com* storefront, and the likelihood that Yatengshang monitors this link is bolstered by the fact that it boasts (on the very page containing the link) that it "is committed to providing each customer with the highest standard of customer service." Kutas Decl. ¶ 3; Ex. 1.[2] Any standard of customer service surely includes communication with customers, but this is especially true for "online merchants[, who] depend on electronic communication for their livelihood and often rely solely upon such means of communication in their interactions with customers." *Noco Co. v. Liu Chang*, No. 1:18-cv-2561, 2020 WL 533021, at *3 (N.D. Ohio Feb. 3, 2020) (internal quotation marks and alterations omitted).

Indeed, under the same circumstances as here—a foreign defendant conducting business through *Amazon.com*—courts have determined that communication through the contact link is likely to reach the defendant and thus have authorized service in this manner. *See, e.g.*, *Sichen Xing v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 2:21-cv-00588-RGK-RAO, slip op. at 6 (C.D. Cal. Feb. 3, 2021) ("Defendants rely on

---

[2] It appears that Yatengshang affirmatively chose to display that message. *Compare* Kutas Decl. Ex. 1 (bearing message), *with* Kutas Decl. Ex. 6 (*Amazon.com* seller profile page for a different, unrelated seller that bears no message), *and* Kutas Decl. Ex. 7 (*Amazon.com* seller profile page for another different, unrelated seller that bears a different message).

6

electronic communications to sell the allegedly-infringing products. It is therefore reasonable to assume that Defendants engage in regular email communications.") (Kutas Decl. Ex. 10); *Noco*, 2020 WL 533021, at *3 ("While Amazon's messaging center is not email per se, courts have allowed service to Chinese defendants through other electronic messaging services, including through Amazon's messaging center."); *Core Distrib.*, slip op. at 8 ("[The foreign *Amazon.com* defendants] must provide a valid email address to Amazon in order to receive notifications of sales and other communications such as confirmation of payment. …. Email and Amazon's message system … seem to be the only reliable means through which Plaintiff can serve these Defendants that is reasonably calculated to give notice of this action.") (Kutas Decl. Ex. 9). Courts have made similar observations in the context of other online storefronts as well. *See, e.g.*, *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 WL 165013, at *5 (S.D. Cal. Jan. 19, 2021) ("Service through online contact forms is reasonably calculated to provide notice to Defendants who operate virtual storefronts regarding the pendency of this action."); *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("[S]ervice through the AliExpress.com online messaging system is a reasonably calculated method that provides notice to those Defendant Stores and allows an opportunity for them to respond.").

### D. Translated Documents Are Not Required

Although the Hague Convention permits a signatory country to require that documents served through its Central Authority be translated, it is well settled that there is no translation requirement for documents served under Article 10. *See, e.g.*, *See Grp. One*, slip op. at 32-34 (collecting cases) (Kutas Decl. Ex. 8); *compare* Hague Convention art. 5 ("[T]he Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."), *with* art. 10 (silent as to the language of

the documents to be served). Therefore, Canon requests that the Court permit it to send its communication and serve the necessary documents in the English language.

## IV. **An *Ex Parte* Order Is Warranted**

Yatengshang has not entered an appearance, and Canon is unaware of any counsel for Yatengshang. Kutas Decl. at ¶ 15. Because the current contact information Canon has for Yatengshang has proven to be incorrect, and because this application seeks to effect service via an alternative, electronic point of contact, Canon submits that the usual notice of motion procedure is impractical and that an *ex parte* order is appropriate for permitting Canon to make that alternative contact in the first instance.

## V. **Conclusion**

For the foregoing reasons, Canon's *ex parte* application for alternative service under Rule 4(f)(3) should be granted, and Canon should be permitted to effect service of process in accordance with the proposed order submitted herewith.

Dated: April 22, 2021

Respectfully submitted,

*/s/ Michael P. Sandonato*
Michael P. Sandonato
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Phone: 212-307-5500
Fax: 212-307-5598
MSandonato@Venable.com

*Attorneys for Plaintiff Canon Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                          */s/ Michael P. Sandonato*
                                          Michael P. Sandonato