UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
CANON INC.                                                    :
                                                              :
                Plaintiff,                                  :
                                                              :        **ORDER ON MOTION FOR**
            -against-                                     :        **ALTERNATIVE SERVICE OF**
                                                              :        **PROCESS**
ANHUIYATENGSHANGMAOYOUXIAN-                                   :
GONGSI,                                                       :        21-CV-01213 (KAM)(PK)
                                                              :
                Defendants.                                 :
                                                              :
                                                              :
--------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

        In this patent infringement suit, Plaintiff seeks leave to serve Defendant Anhuiyatengshangmaoyouxiangongsi ("Defendant" or "Yatengshang") by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion," Dkt. 7). For the reasons stated below, the Motion is granted.

        Rule 4(f) provides for service on a foreign individual outside the United States. Foreign individuals may be served "by any internationally agreed means of service that is reasonably calculated to give notice," including, but not limited to, the Hague Convention. Fed. R. Civ. P. 4(f)(1). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be "by a method that is reasonably calculated to give notice" as provided for in foreign law, as directed by a foreign authority in response to a letter rogatory or letter of request, or by personal or mail service (unless prohibited by foreign law). Fed. R. Civ. P. 4(f)(2). A plaintiff may also serve a foreign individual "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h) similarly allows for service of a corporate defendant outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except for personal delivery…."

1

"Rule 4(f)(3) is 'neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" *Kaneka Corp. v. Purestart Chem Enter. Co.*, No. 16-CV-4861 (MKB)(SIL), 2017 WL 11509784, at *2 (E.D.N.Y. Oct. 17, 2017) (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265 (S.D.N.Y. 2012)); *see also Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB)(RER), 2021 WL 1727611, at *12 n. 11 (E.D.N.Y. Feb. 3, 2021) ("Although some courts have held that service must be made in compliance with the Hague Convention prior to attempting service under Rule 4(f)(3) … the Court is persuaded by the plethora of case law in the Second Circuit which suggests otherwise."). "The decision to allow service of process by alternative means is at the discretion of the district court so long as 'the defendant is afforded proper notice, and an opportunity to defend the action.'" *Gang Li v. Dolar Shop Rest. Grp., LLC*, No. 16-CV-1953 (AMD)(RML), 2019 WL 4393637, at *1 (E.D.N.Y. Sept. 13, 2019) (quoting *Microsoft Corp. v. John Does*, No. 12-CV-1335, 2012 WL 5497946, at *3 (E.D.N.Y. Nov. 13, 2012)).

"To satisfy due process, the means of service must be 'reasonably calculated, under all [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gang Li*, 2019 WL 4393637, at *2 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (alteration added)).

Plaintiff seeks leave to serve Defendant by submitting a communication through the contact link on Defendant's Amazon.com seller profile page, which will include PDF copies of the summons and complaint and a link to download the complaint "and any other necessary paper." (Motion at 1.)

As an initial matter, service by electronic means on defendants in China is not prohibited by international agreement. *See, e.g., Mattel, Inc. v. Animefun Store*, No. 18-CV-8824 (LAP), 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020).

Alternative service through internet communications is appropriate where "the movant supplied the Court with some facts indicating that the person to be served would be likely to receive

2

the summons and complaint" through the proposed communication. *Kaneka Corp.*, 2017 WL 11509784, at *3 (discussing email service and quoting *Philip Morris USA Inc. v. Veles Ltd.*, 06-CV-2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007)). Courts approve alternative service through email, for example, "where the defendant runs an online business, the email address is displayed prominently on the defendant's website, the email address is used regularly for communication, and/or where it has been verified that the defendant has already responded to emails at the given address." *Gang Li*, 2019 WL 4393637, at *2 (collecting cases).

While sending messages through Amazon.com's messaging service is not identical to email, similar considerations regarding the reliability of such forms of internet communication apply. Thus, for example, courts in other districts have found that service through Amazon.com's messaging service can comport with due process when the movant makes a sufficient showing that the communication is reasonably calculated to reach the defendant, including that a message did not bounce back, defendant responded to the message, or defendant acted in a way that made clear that it received the message. *See, e.g.*, *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 106 (N.D. Ohio 2021), *reconsidered in part*, No. 20-CV-1170, 2021 WL 374617, at *4 (N.D. Ohio Feb. 3, 2021) (approving alternative service through Amazon Message Center on defendant where traditional service failed, defendant conducted business entirely through Amazon, and prior messages had not been bounced back); *NOCO Co. v. Liu Chang*, No. 18-CV-2561, 2020 WL 533021, at *3 (N.D. Ohio Feb. 3, 2020) (granting leave for alternative service through Amazon messaging center where defendant's physical address was unknown and defendant had responded to plaintiff's communications through the messaging center without bounce-backs); *Shenzhen Ruobilin Network Tech., Ltd. v. SJG-Lesn*, No. 16-CV-386 (WMC), 2016 WL 6988868, at *2 (W.D. Wis. Nov. 29, 2016) (finding communication through Amazon's messaging portal is reasonably calculated to reach defendants where defendant removed offending products from its Amazon listing and changed its company name

3

within a week of plaintiff emailing the complaint through Amazon's message portal). Service has also been permitted through the similar Alibaba.com and AliExpress.com messaging services on those online marketplaces. *See, e.g.*, *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2017 WL 10820533, at *3 (N.D. Cal. Dec. 20, 2017) (allowing service through Alibaba.com and AliExpress.com messaging systems where defendants responded to communications through those online messaging systems).

Plaintiff provides sufficient evidence to show that serving Defendant through the contact link on Defendant's Amazon.com seller profile page would be reasonably calculated to reach Defendant and afford it an opportunity to present its objections.

Plaintiff has established that Defendant actively conducts business through this Amazon.com storefront, having purchased the accused products on this site. (Motion at 1-2.) The contact link is "the only form of electronic communication" on Defendant's Amazon.com storefront. (*Id.* at 6.) Plaintiff has also established that Defendant cannot be reached at the physical address listed on Defendant's Amazon.com seller profile page. In connection with parallel proceedings against Defendant before the U.S. International Trade Commission (the "ITC Action"), Plaintiff attempted to serve Defendant, but "that address could not be located." (Motion at 2; Declaration of Andrew Kutas, "Kutas Decl.," Dkt. 7-1 ¶ 6.) Plaintiff also reached out to Do It Wiser, Inc. and Amazon.com's Global Brand Relations Team, but neither provided a physical address for Defendant. (Supplemental Declaration of Andrew Kutas, "Kutas Supp. Decl.," Dkt. 9-1 ¶¶ 45-50.)

After receiving leave from the administrative law judge in the ICT action to effect service through alternative means, Plaintiff was able to use the Amazon.com contact link to send Defendant a PDF attachment and a unique download link on June 8, 2021.[1] (Kutas Supp. Decl. ¶¶ 3, 14.) Plaintiff received confirmation that the download link had been accessed, the cover letter had been viewed,

---

[1] The download link is unique to Defendant and allows Plaintiff to determine whether the link has been accessed and whether the files have been downloaded.

4

and the ITC service documents had been downloaded. (*Id.* ¶ 15). On June 11, 2021, Plaintiff received a reply message from Defendant through the Amazon.com messaging service, stating, "Hello, First of all, we would like to express our sincere apology for our mistake. We have deleted the relevant product link and promise that it will not happen again. Best regards." (*Id.* ¶ 16; Ex. 12 at 7, Dkt. 9-3.)

Based on this verification that Plaintiff can communicate directly with Defendant through the Amazon.com messaging service by using the contact link on Defendant's seller profile page, I find that this proposed method of service is reasonably calculated to reach Defendant and is consistent with due process.

For the foregoing reasons, Plaintiff's motion is granted.

                                              **SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
            July 29, 2021